IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:10CV46-03-W
(5:05CR235)

| | |
|---|---|
| MALIK MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed April 14, 2010. No response is necessary from the Government.

### I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S. C. §2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

The Court, having reviewed the record of proceedings below, enters summary dismissal for the

reasons stated herein.

## II. PROCEDURAL HISTORY

On August 23, 2005, the Petitioner and twelve others were charged in a four-count Bill of Indictment. Petitioner was charged in Count-One with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The remaining counts charged various co-defendants with drug crimes related to the conspiracy. (Case No. 5:05cr235, Doc. No. 3: Indictment). On the same day the Indictment was filed, the Government also filed a Notice of Intention to Seek Enhanced Penalties Pursuant to Title 21 U.S.C. § 851 based on two prior drug convictions on August 1, 2000 and July 16, 2003 subjecting the Petitioner to a mandatory life sentence. (Id., Doc. No. 19.) On October 4, 2006, a jury found Petitioner guilty of Count One of the Indictment. (Id., Doc. No. 334: Jury Verdict). On October 10, 2007, Petitioner appeared with counsel for a sentencing hearing. Petitioner's counsel objected to the use of the two prior convictions listed in his § 851 notice and also objected to the effect of those convictions on his sentence. The undersigned, after hearing evidence, overruled Petitioner's objections and sentenced Petitioner to life imprisonment. (Id, Doc. No. 421: Judgment; Doc. No. 452: Sentencing Transcript ). On October 25, 2007, Petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeals. (Id., Doc. No. 425.) On Appeal, Petitioner argued that the district court: (1) erred in denying his motion for judgment of acquittal because the Government failed to sufficiently prove that he conspired to distribute cocaine base; (2) engaged in improper judicial fact finding, in violation of his Sixth Amendment rights; and (3) erred in using prior convictions to enhance his sentence. On December 31, 2008, in an unpublished decision, the Fourth Circuit Court of Appeals affirmed the judgments and convictions. United States v. Moore, 305 Fed. App'x 130 (4th Cir. 2008).

Petitioner filed a petition for writ of certiorari in the United States Supreme Court which was denied on May 4, 2009.

On April 14, 2010, Petitioner filed the instant Motion to Vacate arguing that: (1) the "conspiracy count must be dismissed for violating the statute of limitations and ineffective assistance of counsel;" (2) his counsel was ineffective for failing to object to the Court's erroneous jury instruction which omitted the essential elements of drug type and quantity; and (3) his sentence was based on the unconstitutional Guideline application for crack cocaine offenders which is constitutionally vague and meaningless. (Motion to Vacate at 4.)

### III. DISCUSSION

#### A. Procedural Bar

Petitioner did not raise his first[1] or third claim listed above in the preceding paragraph in his appeal to the Fourth Circuit Court of Appeals. Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary

---

[1] Petitioner argues that the "conspiracy count must be dismissed for violating the statute of limitations and ineffective assistance of counsel." Petitioner did not raise the substance of this statute of limitations claim in his appeal to the Fourth Circuit Court of Appeals. Further, Petitioner merely attached the words "ineffective assistance of counsel" to the end of his statute of limitations claim with no argument or explanation as to how his counsel was deficient or how any deficiency prejudiced him. To the extent Petitioner has attempted to raise an ineffective assistance of counsel claim in connection with his claim regarding the statute of limitations, such claim is conclusory and Petitioner has not met his burden under Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Moreover, Petitioner cannot establish deficiency. Indeed, Petitioner's August 23, 2005 indictment charged him with a drug conspiracy existing between 1987 and 2005. The Presentence Report and the evidence at trial chronicles drug transactions beginning in January 1986 through the fall of 2005. On appeal, the Fourth Circuit concluded that based on the evidence, the jury was entitled to conclude that the actions of Petitioner and his conspirators amounted to a single conspiracy. United States v. Moore, 305 Fed. App'x 130 (4th Cir. 2008). The evidence established drug transactions through 2005, which is the same year as the filing of the indictment. Therefore, Petitioner's drug conspiracy charges are not barred by the five-year statute of limitations outlined in 18 U.S.C. § 3282. United States v. Campbell, 347 Fed. App'x 923 (4th Cir. 2009).

3

remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[2] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). As set forth below, Petitioner has failed to carry his burden of establishing cause. In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner has not met his burden in establishing cause for failing to raise these claims on direct appeal. Therefore, Petitioner's first and third claim are procedurally barred by his failure to raise these claims in his appeal to the Fourth Circuit Court of Appeals.[3]

---

[2] Petitioner makes no claim of actual innocence.

[3] Moreover, to the extent Petitioner raised a claim of ineffective assistance of counsel regarding his first claim on statute of limitations grounds, such claim is denied and dismissed as Petitioner has not established deficiency or prejudice as required by Strickland v. Washington, 466 U.S. 668, 687-91 (1984).

B.      **Ineffective Assistance of Counsel**

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra). Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)) Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter.

Petitioner alleges that his counsel was ineffective for failing to object to the erroneous jury instruction which omitted the essential element of drug type and quantity. Petitioner does not cite to which instruction he is referring. However, the Court has reviewed the portion of the transcript which included the Court's instructions to the jury. The transcript of the Court's instructions to the jury belies Petitioner's claim that the Court gave an erroneous instruction

which omitted the essential elements of drug type and quantity. Indeed, with respect to drug type and quantity, the undersigned instructed the jury as follows:

> Defendant is charged with conspiracy to possess with intent to distribute cocaine, cocaine base, that is, crack cocaine, or both. 21 U.S. Code, Section 811 – or rather, 812 lists the schedules of dangerous drugs or controlled substances, and cocaine and cocaine base are listed under Schedule II. Accordingly, you are instructed as a matter of law that cocaine, meaning cocaine powder, and cocaine base are controlled substances. It's for you, the jury, however, to determine whether or not the government has proven beyond a reasonable doubt that the controlled substances allegedly involved in the conspiracy were cocaine, cocaine base or both.
> In your consideration of the evidence as to the conspiracy offense, you must determine whether the drugs allegedly involved were cocaine, cocaine base, that is, crack, or both. That is, the government must prove that the material concerning which the defendant is charged with conspiracy to possess with the intent to distribute actually were cocaine, cocaine base, or both. The government may prove this either through direct or circumstantial evidence.

With respect to drug quantity, the undersigned went on to explain:

> If you conclude unanimously and beyond a reasonable doubt that the object of the conspiracy was possession of cocaine, cocaine base, or both drugs, with intent to distribute the drugs, then you must determine the quantity of cocaine or cocaine base involved. . . . .
> The government has the burden of proof on this issue and must establish beyond a reasonable doubt that quantity of drugs for which this particular defendant should be held responsible. Your decision as to drug quantity for the defendant must be unanimous.

(Transcript at 641 - 644.) The above cited portions of the undersigned's instructions to the jury make clear that the jury was specifically instructed that the government had the burden to establish the type of drug as well as the quantity beyond a reasonable doubt. Petitioner's contention that his counsel was ineffective for failing to object to the Court's instruction which omitted the essential elements of drug type and quantity is without merit in that the undersigned did specifically and correctly instruct the jury regarding drug type and quantity. Therefore,

6

Petitioner's counsel was not deficient for failing to object to the Court's instructions regarding drug type and quantity. Petitioner has not established either prong of the Strickland test. Therefore, his claim that his counsel was ineffective for failing to object to the Court's jury instruction which omitted the essential elements of drug type and quantity is without merit and must fail.

## IV. CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence plainly shows that Petitioner is not entitled to relief on any of the claims contained in his Motion to Vacate.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant 28 U.S.C. §2255 is hereby **DENIED** and is dismissed.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d. 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct 1595, 1604, 146 L.Ed.2d 542 (2000)).

**SO ORDERED**.

Signed: May 3, 2010

Richard L. Voorhees
United States District Judge