IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:10CV46-03-W
(5:05CR235)

| | |
|---|---|
| MALIK MOORE, )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM AND<br>ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion Seeking Reconsideration of This Court's order dated May 3rd, 2010" filed May 17, 2010 (Doc. No. 5.) Petitioner contends that on or about May 3, 2010, he mailed "Petitioner's Amendment to Original 2255 Motion." He argues that such document may not have been considered by the Court in deciding his case.

A motion for reconsideration under Rule 59(e) is committed to the sound discretion of the Court. Pacific. Ins. Co. v. American. Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998). Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4th Cir. 1998) (unpublished decision) (internal quotation marks omitted) (quoting Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). In effect, Rule 59(e) "permits a

1

district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate procedures." Pacific Ins. at 403 (internal quotations marks omitted) (quoting Russell v. Delco Remy Div. Of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). However, "[t]he Rule 59 Motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id., (quoting 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995)). Further, as a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pacific Ins., at 403.

In the instant matter, this Court issued an Order denying and dismissing Petitioner's Motion to Amend on May 3, 2010. Because the Court's Order issued prior to Petitioner's amendment reaching the undersigned, the Court will consider Petitioner's amendment.

In his amendment, mailed on or about the same day this Court issued its Order denying Petitioner's case, Petitioner sought to add to his first claim for relief that his counsel was ineffective for failing to challenge his indictment on statute of limitations grounds and that this Court must consider this claim in the context of Strickland v. Washington.[1] Petitioner also states that "the outcome of the proceedings would have been different had counsel properly represented the case" and that his "counsel's errors can not be considered 'sound trial strategy' as the court has held. He also noted that a strategic decision is a 'conscious, reasonably informed decision made by an attorney with an eye to benefitting his client." (Doc. 4 at 3.)

As his first claim in his original Motion to Vacate, Petitioner argued that the "conspiracy

---

[1] Petitioner's first claim for relief in his Motion to Vacate was that the "conspiracy count must be dismissed for violating the statute of limitations and ineffective assistance of counsel." (Motion to Vacate (Doc. No. 1-1 at 4.)

2

count must be dismissed for violating the statute of limitations and ineffective assistance of counsel." (Doc. No. 1-1 at 4.) The Court concluded that the substantive portion of the claim was procedurally barred as Petitioner did not raise the claim in his appeal to the Fourth Circuit Court of Appeals. (Doc. No. 2.) The Court also noted that Petitioner merely attached the words "ineffective assistance of counsel" to his substantive claim but did not support his claim. In that regard, the Court concluded that Petitioner had not met the two-prong test outlined in Strickland v. Washington, 466 U.S. 668 (1984). However, in an abundance of caution, the Court went on to consider a potential ineffective assistance of counsel claim despite the fact that Petitioner did not state how counsel was ineffective or how any alleged deficient performance prejudiced him The Court concluded that Petitioner could not establish any deficiency because the Fourth Circuit concluded that based on the evidence, the jury was entitled to conclude that the action of Petitioner and his conspirators amounted to a single conspiracy, United States v. Moore, 305 Fed. App'x 130 (4th Cir. 2008) and because the evidence established drug transactions through 2005, the same year as the filing of the indictment. Therefore, the undersigned concluded that Petitioner's drug conspiracy charges were not barred by the five-year statute of limitations outlined in 18 U.S.C. § 3282. United States v. Campbell, 347 Fed. App'x 923 (4th Cir. 2009) and his counsel was therefore not ineffective for failing to challenge the indictment on statute of limitations grounds. (Doc. No. 2. n. 1.)

Petitioner's amendment filed on or about the same day as this Court's Order, while not considered by the Court prior to signing the Order in this case, does not add any additional facts[2]

---

[2] Petitioner's notation of the fact that he was only 9 years old, (Doc. No. 5-1 at 2), when the conspiracy, as charged in the indictment, began has no relevance to his claim that his counsel was ineffective for failing to challenge the indictment on statute of limitations grounds. Further, as outlined in the PSR, Petitioner's participation in the conspiracy began in 1997, 10 years after

3

or law which change this Court's analysis under Strickland. Furthermore, the Court considered Petitioner's ineffective assistance of counsel claim on the merits despite the fact that Petitioner did not support his claim in his Motion to Vacate. Therefore, Petitioner's Motion for Reconsideration (Doc. No. 5) is DENIED.

**SO ORDERED**.

Signed: May 26, 2010

Richard L. Voorhees
United States District Judge

---

the start of the conspiracy.